UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SYLVESTER STRONG, JR., | ) | 1:05-cv-00112-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED FOR |
| v. | ) | FAILURE TO COMPLY WITH THE |
| | ) | STATUTE OF LIMITATIONS |
| | ) | |
| A.P. KANE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on December 13, 2004, in the United States District Court for the Northern District of California. (Doc. 1). The case was transferred to the Eastern District of California on December 30, 2004. Petitioner challenges his sentence of a maximum of eighteen years based on a conviction for second degree murder and assault with a deadly weapon on October 21, 1988. (Doc. 1, p. 2). The petition raises two grounds for relief: (1) breach of the plea agreement; and (2) misrepresentation of the plea agreement. (Doc. 1, p. 5).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules governing § 2254 Cases.

I.  <u>AEDPA's One-Year State of Limitations</u>.

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds.  <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-44 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on December 13, 2004; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1     II. <u>The Petition Was Filed After The Limitations Period Expired</u>.

Here, Petitioner asserts that he was convicted on October 21, 1988. It appears that a notice of appeal was filed on December 20, 1988, but there is no other indication in the petition or attached documents concerning the outcome, if any, of that appeal or indeed whether the appeal was pursued, dismissed, or abandoned. Thus, the Court cannot determine the precise date when direct review would have terminated since Petitioner has provided insufficient information regarding the dates for his direct review, if any, in the California Court of Appeal and the California Supreme Court.

For petitioners whose convictions became final prior to AEDPA's enactment on April 24, 1996, as is the case here, the AEDPA's one-year limitations period began to run on April 25, 1996, the day of AEDPA's enactment. Petitioner would then have had one year from that date, absent applicable tolling, *or until April 25, 1997*, within which to file his federal petition for writ of habeas corpus. <u>Malcolm v. Payne</u>, 281 F.3d 951, 955 (9th Cir. 2002); <u>Patterson v. Stewart</u>, 251 F.3d 1243 (9th Cir. 2001); see, e.g., <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142 (10th Cir. 2001). The instant case was not filed until December 13, 2004, more than seven years *after* the one-year limitations period would have expired.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). See <u>Carey v. Saffold</u>, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one "full round" of collateral review in state court without federal interference. While the "full round" is properly in progress, the AEDPA's one-year statute is tolled). <u>Welch v. Carey</u>, 350 F.3d 1079 (9th Cir. 2003) *cert. denied by* <u>Welch v. Carey</u>, 2004 U.S. LEXIS 3930 (June 1, 2004).

Petitioner's documents indicate that he commenced a "round" of state habeas corpus proceedings on October 8, 2003 in the Fresno County Superior Court, raising the same issues contained in the instant petition. (Doc. 1, attachments). It appears that this "round" of habeas proceedings terminated when the California Supreme Court denied his habeas petition on

November 10, 2004. (Id.). However, as discussed above, the one-year limitation period expired on April 25, 1997, more than six years *before* Petitioner commenced his "round" of state habeas proceedings.

Thus, although Petitioner apparently filed collateral challenges in state court regarding his conviction and sentence, those proceedings would *not* have operated to toll the statute of limitations here. It is well-established that when the limitations period has *already* expired at the time a Petitioner commences a round of state court habeas petitions, those collateral challenges have no tolling consequences for purposes of the one-year limitation in AEDPA. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run prior to filing state habeas proceedings); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period.).   Hence, the instant petition appears to have been untimely.[1]

III.   AEDPA's Tolling Provisions.

Petitioner, however, may avail himself of statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D), which states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," *if Petitioner can establish that he is entitled to such tolling*.  The objective standard in determining when time begins to run under Section 2241(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir.2001), quoting, Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2000).

Here, based on this limited record, it is unclear precisely when Petitioner could have

---

[1] The Court also notes that the two claims, as presently framed, raise issues of state law only, not federal law. Generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").  Because a petition filed beyond the one-year limitations period must be dismissed, the Court does not at this time address the fact that Petitioner's claims are not cognizable under federal habeas law.

4

discovered, with the exercise of due diligence, the claims he now asserts. However, since both claims relate to the terms of the plea bargain, it would seem probable that Petitioner either knew or could have discovered the salient factual predicates for his claims well prior to the expiration of the one-year limitations period in 1997, which was nine years *after* his guilty plea, conviction, and sentence.

The limitations period is also subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing, Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, Berellez v. Alvarez-Machain, 522 U.S. 814 (1997); Calderon (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Therefore, equitable tolling applies only where a petitioner has diligently pursued his claims, but has in some "extraordinary way" been prevented from asserting those claims.

Here, Petitioner has not contended that the limitations period should be equitably tolled, nor does he provide any explanation for the delay in filing his federal petition from 1988 until the commencement of his state habeas "round" in 2003. The Court cannot find in the present record any basis on which to equitably toll the limitations period.

Thus, it appears that the instant petition was filed beyond the one-year limitations period. If this information is correct, the Court will recommend that the petition be dismissed. If this information is incorrect, Petitioner should inform the Court and present supporting documentation. Petitioner may also, if he wishes, provide the Court with any explanation of his delay or provide any other information that bears upon the applicable statutory and equitable tolling provisions discussed above.

///

# **ORDER**

Accordingly, the Court HEREBY ORDERS that Petitioner is GRANTED THIRTY (30) days from the date of service of this Order, to SHOW CAUSE why the petition (Doc. 1) should not be dismissed for failing to comply with the one-year limitations period.

Petitioner is forewarned that his failure to comply with this order will result in a Recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   December 27, 2005**               /s/ **Theresa A. Goldner**
j6eb3d                                     UNITED STATES MAGISTRATE JUDGE