# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SYLVESTER STRONG, JR., | ) | 1:05-cv-00112-TAG HC |
|         Petitioner, | )<br>)<br>) | ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS PETITION FOR |
| v. | )<br>) | FAILURE TO COMPLY WITH THE STATUTE<br>OF LIMITATIONS (Doc. 14) |
| A.P. KANE, Warden, | )<br>) | ORDER DENYING PETITIONER'S REQUEST<br>FOR APPOINTMENT OF COUNSEL |
|         Respondent. | )<br>) | ORDER DISMISSING PETITION FOR WRIT<br>OF HABEAS CORPUS |
| | | ORDER DIRECTING THAT THE CLERK OF<br>THE COURT ENTER JUDGMENT IN FAVOR<br>OF RESPONDENT AND CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on December 13, 2004, in the United States District Court for the Northern District of California. (Doc. 1). The case was transferred to the Eastern District of California on December 30, 2004. Petitioner challenges his sentence of a maximum of eighteen years based on a conviction for second degree murder and assault with a deadly weapon on October 21, 1988. (Doc. 1, p. 2). The Petition raises two grounds for relief: (1) breach of the plea agreement; and (2) misrepresentation of the plea agreement. (Doc. 1, p. 5).

On May 8, 2007, Respondent filed the instant motion to dismiss, claiming that the petition was untimely because it was not filed within the one-year statute of limitations imposed

by 28. U.S.C. § 2244(d). (Doc. 14). On May 23, 2007, Petitioner filed his opposition to Respondent's motion to dismiss. (Doc. 18).

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Respondent's motion to dismiss is based on Respondent's contention that the instant petition was filed outside the one-year limitation period prescribed by Title 28 U.S.C. §2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & fn.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See id.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other

grounds by <u>Lindh v. Murphy</u>, 521 U.S. 320.  The instant petition was filed on December 13, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  The AEDPA, however, is silent on how the one year limitations period affects cases where direct review concluded *before* the enactment of the AEDPA.  The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1).  <u>Calderon v. United States Dist. Court (Beeler)</u>, 128 F.3d 1283,1286 (9th Cir.), <u>overruled in part on other grounds by</u> <u>Calderon v. United States Dist. Court (Kelly)</u>, 163 F.3d 530, 541 (9th 1998).  In such circumstances, the limitations period would begin to run on April 25, 1996.  See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).

1    Here, Petitioner was convicted on October 21, 1988, following a guilty plea.  Petitioner
2 appealed to the California Court of Appeal, Fifth Appellate District ("5th DCA").  The 5th DCA
3 affirmed Petitioner's conviction on November 15, 1989.  Petitioner did not file a petition for
4 review in the California Supreme Court.  According to the California Rules of Court, a decision
5 of the Court of Appeal becomes final thirty days after filing, and an appeal must be taken
6 thereafter to the California Supreme Court within ten days of finality.  Rule 24(a), 28(b),
7 Cal.R.Ct.  Thus, Petitioner's direct review would have concluded forty days after November 15,
8 1989, or on December 25, 1989, which is prior to the enactment of the AEDPA.

9    Since Petitioner's direct review concluded prior to the enactment of the AEDPA, he
10 would be entitled to avail himself of the one-year statute of limitations that would have expired
11 on April 25, 1997.  Patterson, 251 F.3d at 1246.  The instant case was not filed until December
12 13, 2004, more than seven years *after* the one-year limitations period had expired. (See Doc. 7,
13 case documents, part 2, petition).

14    However, the determination of when the statute commenced and expired is complicated
15 by Petitioner's assertion that he is entitled to the AEDPA's alternate provision that the one-year
16 period commences only upon the discovery of the factual predicate for a petitioner's claim.
17 28 U.S.C. § 2244(d)(1)(D).  Thus, in order to determine whether the instant petition is timely, the
18 Court must first determine when, through the exercise of reasonable diligence, Petitioner could
19 have discovered the factual predicate of his claim.

20    Petitioner contends that he did not discover that his sentence was eighteen years to life,
21 rather than a determinate sentence with an eighteen year cap, until he requested a "calculation
22 worksheet" from the California Department of Corrections and Rehabilitation ("CDCR"), which
23 he received on or about March 28, 2003.  (Doc. 18, p. 1).  The document indicated that
24 Petitioner's term was fixed at eighteen years, less his pre-sentence credits, thus making his
25 "minimum eligible parole date" December 10, 1999.  (Id.).  Petitioner then attempted to find out
26 why he had not been released on that date.  (Id.).  In his opposition to the motion to dismiss,
27 Petitioner alleges that he "immediately filed for relief in the Superior Court of California, County
28 of Fresno, being denied relief on or about July 3, 2003." (Doc. 18, p.1).

4

On December 27, 2005, the Court issued an order to show cause in this action, directing Petitioner to show cause why the petition should not be dismissed for failure to comply with the statute of limitations. (Doc. 11). In his response to the order to show cause, Petitioner alleged that he was finally told in July 2003 by a prison correctional counselor that his term is considered to be a life term unless the Board of Prison Terms determines otherwise. (Doc. 12, p.6). In his response to the order to show cause, Petitioner contended that the factual predicate for his claim was not discovered until July 2003. (Id.). In his opposition to the motion to dismiss, Petitioner alleges that he entered "into a contract with the state of California for an indeterminate sentence of 15 years to life, with a 'lid' of '18 years'" and that he "discovered and had good reason to believe in March 2003 that the state was not going to honor the contract, and began his trek through the judicial labyrinth in July 2003." (Doc. 18, pp. 1, 3). The discrepancy in Petitioner's allegations that he discovered the factual predicate in July 2003, and that he discovered an alleged breach of contract in March 2003, is not further explained by Petitioner. Nevertheless, under either scenario, the petition is untimely. The Court interprets Petitioner's argument in oposition to the motion to dismiss relating to a breach of contract as being simply another way of expressing that he did not discover the factual predicate until the State of California refused to grant him parole. (Doc. 18, pp. 1, 3). From that standpoint, Petitioner's one-year limitations period would not have expired until either March or July 2004, and Petitioner maintains that he is entitled to sufficient statutory tolling during that period to make the instant petition timely under the AEDPA.

Petitioner's position is, quite simply, untenable. Under Petitioner's reading of the statute, the one year limitations period begins when a prisoner actually understands what legal theories are available to him. However, this interpretation is incorrect. The one year time limit commences on the date the "factual predicate of the claim or claims presented *could have been* discovered through the exercise of due diligence," not when it was actually discovered by Petitioner. (Emphasis supplied.) In addition, the trigger in § 2244(d)(1)(D) is the discovery, actual or imputed, of the claim's "factual predicate," *not* the recognition of the factual predicate's legal significance. Stated differently, the one-year period begins when the prisoner knows (or

5

through the exercise of reasonable diligence could discover) the important facts, not when he recognizes the legal significance of those facts.

The record before the Court reflects that Petitioner was aware, at least no later than the date of the 5th DCA's decision in 1989, that his sentence was eighteen years-to- life, not merely a determinate term with an eighteen year cap. In his original appeal to the 5th DCA, the Court of Appeal referred to his sentence as eighteen years to life, i.e., a fifteen years-to-life sentence for murder "plus a consecutive three-year middle base term on the assault." (Lodged Document ("LD") 2, p. 2). That Petitioner was aware of the consecutive nature of the sentences is self-evident from the fact that Petitioner challenged the consecutive nature of the sentences in his direct appeal in the 5th DCA. (Id. at pp. 6-7). Thus, as of the date of the 5th DCA's decision on November 15, 1989, Petitioner was made aware of the factual predicate to his claim, i.e., that his sentence was regarded by the California courts as being an indeterminate eighteen years-to-life sentence, not simply a determinate eighteen year term.

This conclusion is bolstered by the findings of the Superior Court for the County of Fresno, which denied Petitioner's state habeas petition on July 15, 2003, finding that "at the time of sentencing Petitioner was informed that he was being sentenced to the indeterminate term of fifteen years to life on the murder count, with the only question being whether the fifteen-year portion would be increased to a maximum of eighteen years or to the recommended maximum of twenty years." In so finding, the Superior Court cited the probation officer's report and the judgment transcript. (LD 5, p. 2).

That portion of the judgment transcript indicates that the trial judge explained to Petitioner the following:

> "With regard to the recommendation, the recommendation is obviously for 20 years. The Court has placed additional conditions on it that would reduce that to a maximum term of 18 years. And the issue as I've previously stated is only one whether the concurrent term of Count 2 to the indeterminate life sentence 15 years to life or consecutive."

(LD 7, trans. of Oct. 21, 1988 hearing, p. 22).

///

///

6

1   A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless
2   the adjudication of a prisoner's claim (1) "resulted in a decision that was contrary to, or involved
3   an unreasonable application of, clearly established Federal law, as determined by the Supreme
4   Court of the United States" or (2) "resulted in a decision that was based on an unreasonable
5   determination of the facts in light of the evidence presented in the State court proceeding."  28
6   U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71, 123 S.Ct. 1166 (2003); Williams v.
7   Taylor, 529 U.S. 362, 412-413, 120 S.Ct. 1495 (2000).

8   The issue of when the one-year limitations period commenced involves the second prong
9   of federal habeas review, i.e., the "unreasonable determination" clause of 28 U.S.C. § 2254(d)(2).
10  This prong pertains to state court decisions based on factual findings.  Davis v. Woodford, 384
11  F.3d 628, 637 ((th Cir. 2004)(citing Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029 (2003)).
12  Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the
13  petitioner's claims "resulted in a decision that was based on an unreasonable determination of the
14  facts in light of the evidence presented in the State court proceeding."  Wiggins v. Smith, 539
15  U.S. 510, 520, 123 S. Ct. 2527 (2003);  Jeffries v. Wood, 114 F.3d at 1500 (when reviewing a
16  state court's factual determinations, a "responsible, thoughtful answer reached after a full
17  opportunity to litigate is adequate to support the judgment").  A state court's factual finding is
18  unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable
19  jurists."  Id. ; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), cert. denied,
20  Maddox v. Taylor, 543 U.S. 1038, 125 S. Ct. 809 (2004).  The AEDPA also requires that
21  considerable deference be given to a state court's factual findings.  A state court's factual
22  findings are  presumed to be correct, and the presumption of correctness may be rebutted only by
23  clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

24  Here, although the trial court could have employed more precise language to explain the
25  nature of the plea agreement and resulting sentence, the sentencing court nonetheless did identify
26  the base sentence as fifteen years-to-life with the possibility of either a concurrent or consecutive
27  three-year term, thus resulting in an eighteen years-to-life sentence.  Based on that record, the
28  Court cannot conclude that the State court's finding that Petitioner was made aware of the

indeterminate nature sentence by the 5th DCA's opinion in 1989 is "so clearly incorrect that it would not be debatable among reasonable jurists." Wiggins, 539 U.S. at 520; Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d at 999-1001. Under 28 U.S.C. §§ 2254(d)(2) and (e)(1), the Court will give deference to those State court findings. Accordingly, the Court finds that Petitioner was aware in 1989 of the of the factual predicate of his current claim.

Under § 2244(d)(1), the one-year period runs from the latest of the four provisions of that statute that are applicable. Here, then, the statute would commence from the later of either the date the factual predicate was discovered in 1989, or the enactment date of the AEDPA in 1996. Since the later is clearly later in time, that is the appropriate date for commencement of the statute. Hence, the one-year period expired on April 25, 1997, seven years before the instant petition was filed. Thus, unless Petitioner is entitled to some form of statutory or equitable tolling, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d 1003, 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

federal petitions out of concern that the limitations period will end before all claims can be presented to the state supreme court. Nino, 183 F.3d at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001)

Respondent correctly notes that the first state habeas filed by Petitioner on November 29, 1995, was not a challenge to his sentence or conviction, but instead challenged a prison disciplinary hearing. (LD 3). Thus, it is unrelated to the instant case and does not afford Petitioner any statutory tolling for the claims in this petition.

Petitioner's documents indicate that he later commenced a "round" of eight state habeas corpus proceedings on October 8, 2003 in the Fresno County Superior Court, raising the same issues contained in this petition. (Doc. 1, attachments; LD 5-16). It appears that this "round" of habeas proceedings terminated when the California Supreme Court denied his habeas petition on November 10, 2004. (LD 10). However, as discussed above, the one-year limitations period expired on April 25, 1997, more than six years *before* Petitioner commenced his "round" of state habeas proceedings.

Thus, although Petitioner filed collateral challenges in state court regarding his conviction and sentence that would, under normal circumstances, be entitled to statutory tolling, those proceedings would *not* have operated to toll the statute of limitations here. It is well-established that when the limitations period has *already* expired at the time a Petitioner commences a round of state court habeas petitions, those collateral challenges have no tolling consequences for purposes of the one-year limitation in AEDPA. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (petitioner is not entitled to tolling where the limitations period has already run prior to filing state habeas proceedings); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period.). Hence, Petitioner is not entitled to statutory tolling for those state habeas petitions and, therefore, the instant petition is untimely.

///

D.  Petitioner Is Not Entitled To Equitable Tolling

The limitations period is also subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon (Kelly), 163 F.3d at 541 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)); Calderon (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Therefore, equitable tolling applies only where a petitioner has diligently pursued his claims, but has in some "extraordinary way" been prevented from asserting those claims.

Petitioner makes no claim of entitlement to equitable tolling and the Court sees no basis for such a claim in the record now before the Court.  Indeed, it appears that the only excuse proffered by Petitioner is his implicit contention that he did not discover the true nature of his indeterminate sentence until a corrections counsel advised him of it in July 2003, or when he "discovered and had good reason to believe in March 2003 that the state was not going to honor the contract." (Doc. 18, p. 3).  Claims of ignorance of the law are insufficient to justify equitable tolling.  See e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

Petitioner's limited knowledge of the law is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Such circumstances are not extraordinary and do not justify equitable tolling.  If limited legal knowledge were an excuse for not complying with the limitations period, the enactment of the AEDPA would be futile since most incarcerated prisoners have these same problems.

///

Nor does it appear that Petitioner has acted with diligence. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723 (1984); see also Miles, 187 F.3d at 1107. Here, Petitioner has provided no legitimate excuse for his long delay in filing the instant petition after the factual predicate for his claim was made apparent to him. Thus, the Court cannot find in the present record any basis on which to equitably toll the limitations period.

In light of the foregoing, the Court concludes that the instant petition was filed beyond the one-year limitations period and, therefore, it must be dismissed.[1]

E. Request for Appointment of Counsel

In the last sentence of his opposition to the motion to dismiss, Petitioner requests the appointment of counsel. (Doc. 18, p. 4). There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In this case, the Court does not find that the interests of justice would be served by the appointment of counsel. Accordingly, the Court will deny Petitioner's request for appointment of counsel.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner's request for appointment of counsel is DENIED;

---

[1] Petitioner's reliance on Buckley v. Terhune, 397 F.3d 1149 (9th Cir. 2005), and Brown v. Pool, 337 F.3d 1155 (9th Cir. 2003), as being "on all fours" with the instant case is misplaced. (Doc. 12, pp. 3, 7). Neither case, however, dealt with the particular statute of limitations issues now before this Court. Buckley was overruled by Buckley v. Terhune, 441 F.3d 688 (9th Cir. 2006), in which the Ninth Circuit affirmed the district court's grant of a habeas petition involving the terms of a plea agreement. However, in so ruling, the Ninth Circuit did not address any statute of limitations issues. Rather, the Ninth Circuit considered the merits of the petitioner's contentions regarding the nature of his plea agreement. Here, of course, the Court is not addressing the merits of Petitioner's claim because the Court concludes that the petition is untimely. Thus, Buckley provides no guidance in resolving the statute of limitations issue. Nor is Brown helpful to Petitioner. Although that case did involve a statute of limitations issue, the question in that case was whether the petitioner was entitled to statutory tolling under the AEDPA for a period during which she had asked that her state petition be removed from the state court calendar while she awaited the results of her prison parole hearing. 337 F.3d at 1157. The Ninth Circuit held that Brown was entitled to statutory tolling during that period. Id. However, since that particular issue is not present in this case, Brown is not helpful here.

11

2. Respondent's Motion to Dismiss the petition for violating 28. U.S.C. §2244(d) (Doc. 14), is GRANTED;

3. Petitioner's petition for writ of habeas corpus, is DISMISSED; and

4. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **February 20, 2008**                                  **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE